1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9

----oo0oo----

10

SCOTT N. JOHNSON,

11

Plaintiff,

12

v.                          NO. CIV. S-06-01150 WBS GGH

13

Gilbert B. Barlow and Thelma N.
Barlow, each Individually and

14

each as Trustees of The Barlow
Family Revocable Trust, dated

15

December 14, 1999; Citibank
(Banamex USA), Individually and

16

dba Citibank; and Does 1 through
10, inclusive,

17

Defendants.

18

19

----oo0oo----

20

STATUS (PRETRIAL SCHEDULING) ORDER

21

Defendant has not yet filed a response to the

22

complaint, nor either joined in plaintiff's Status Report or

23

filed a separate Status Report in this action.  After reviewing

24

the Status Report submitted by plaintiff, the court hereby

25

vacates the Status (Pretrial Scheduling) Conference scheduled for

26

August 14, 2006, and makes the following findings and orders

27

without needing to consult with the parties any further:

28

1.   SERVICE OF PROCESS

All named defendants have been served; to date, no

1 answers have been filed by defendants.  No further service is

2

3 permitted without leave of court, good cause having been shown

4 under Fed. R. Civ. P. 16(b).

5 　　　　　II.   JOINDER OF PARTIES/AMENDMENTS

6 　　　　　No further joinder of parties or amendments to

7 pleadings is permitted except with leave of court, good cause

8 having been shown under Fed. R. Civ. P. 16(b).  See Johnson v.

9 Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

10 　　　　　III.   JURISDICTION/VENUE

11 　　　　　Jurisdiction is predicated upon 28 U.S.C. § 1331

12 (federal question), 42 U.S.C. § 12101, et seq. (The Americans

13 with Disabilities Act), and 28 U.S.C. § 1367 (supplemental

14 jurisdiction).  Venue is undisputed and is hereby found to be

15 proper.

16 　　　　　IV.   DISCOVERY

17 　　　　　The parties  will serve the initial disclosures

18 required by Fed. R. Civ. P. 26 (a)(1) by no later than September

19 8, 2006.

20 　　　　　Plaintiff shall disclose experts and produce reports

21 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than

22 November 10, 2006 .

23 　　　　　Defendant shall disclose experts and produce reports

24 in accordance with Fed. R. Civ. P. 26(a)(2) by no later than

25 November 17, 2006.

26 　　　　　With regard to expert testimony intended solely for

27 rebuttal, those experts shall be disclosed and reports produced

28 in accordance with Fed. R. Civ. P. 26(a)(2) on or before December

1 1, 2006.

2          All discovery, including depositions for preservation

3 of testimony, is left open, save and except that it shall be so

4 conducted as to be completed by no later than March 16, 2007. The

5 word "completed" means that all discovery shall have been

6 conducted so that all depositions have been taken and any

7 disputes relevant to discovery shall have been resolved by

8 appropriate order if necessary and, where discovery has been

9 ordered, the order has been obeyed.  All motions to compel

10 discovery must be noticed on the magistrate judge's calendar in

11 accordance with the local rules of this court and so that such

12 motions may be heard (and any resulting orders obeyed) not later

13 than March 16, 2007.

14          V.   MOTION HEARING SCHEDULE

15          All motions, except motions for continuances,

16 temporary restraining orders or other emergency applications,

17 shall be filed on or before April 27, 2007.  All motions shall be

18 noticed for the next available hearing date.  Counsel are

19 cautioned to refer to the local rules regarding the requirements

20 for noticing and opposing such motions on the court's regularly

21 scheduled law and motion calendar.

22          VI.   FINAL PRETRIAL CONFERENCE

23          The Final Pretrial Conference is set for July 16, 2007

24 at 10:00 a.m. in Courtroom No. 5.  The conference shall be

25 attended by at least one of the attorneys who will conduct the

26 trial for each of the parties and by any unrepresented parties.

27          Counsel for all parties are to be fully prepared for

28 trial at the time of the Pretrial Conference, with no matters

3

1 remaining to be accomplished except production of witnesses for
2 oral testimony.  Counsel shall file separate pretrial statements,
3 and are referred to Local Rules 16-281 and 16-282 relating to the
4 contents of and time for filing those statements.  In addition to
5 those subjects listed in Local Rule 16-281(b), the parties are to
6 provide the court with: (1) a plain, concise statement which
7 identifies every non-discovery motion which has been made to the
8 court, and its resolution; (2) a list of the remaining claims as
9 against each defendant; and (3) the estimated number of trial
10 days.

11      In providing the plain, concise statements of
12 undisputed facts and disputed factual issues contemplated by
13 Local Rule 16-281(b)(3)-(4), the parties shall emphasize the
14 claims that remain at issue, and any remaining affirmatively pled
15 defenses thereto.  If the case is to be tried to a jury, the
16 parties shall also prepare a succinct statement of the case,
17 which is appropriate for the court to read to the jury.

18      VII.   TRIAL SETTING
19      The court trial is set for September 18, 2007 at 9:00
20 a.m. in Courtroom No. 5.

21      VIII.   SETTLEMENT CONFERENCE
22      A Settlement Conference will be set at the time of the
23 Pretrial Conference.

24      All parties should be prepared to advise the court
25 whether they will stipulate to the trial judge acting as
26 settlement judge and waive disqualification by virtue thereof.

27      Counsel are instructed to have a principal with full
28 settlement authority present at the Settlement Conference or to

4

1 be fully authorized to settle the matter on any terms.  At least
2 seven calendar days before the Settlement Conference counsel for
3 each party shall submit a confidential Settlement Conference
4 Statement for review by the settlement judge.  If the settlement
5 judge is not the trial judge, the Settlement Conference
6 Statements shall not be filed and will not otherwise be disclosed
7 to the trial judge.

8                    IX.   MODIFICATIONS TO SCHEDULING ORDER

9            Any requests to modify the dates or terms of this
10 Scheduling Order, except requests to change the dates of the
11 final Pretrial Conference or trial, may be heard and decided by
12 the assigned Magistrate Judge.  All requests to change the dates
13 of the Pretrial Conference and/or trial shall be heard and
14 decided only by the undersigned judge.

15 DATED:  August 4, 2006

16

17 _____
   WILLIAM B. SHUBB
18 UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28