IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,                    CIV. NO. S-06-1150 WBS GGH

    vs.

GILBERT B. BARLOW, et al.,

    Defendants.                <u>FINDINGS AND RECOMMENDATIONS</u>

                                  /

          Presently before the court is plaintiff's amended motion for default judgment against defendants Gilbert Barlow and Thelma Barlow, filed November 16, 2006, and defendant Thelma Barlow's opposition and motion to set aside entry of default, filed December 18, 2006.[1] The court has considered the parties' filings and now issues the following findings and recommendations.

          Preliminarily, Local Rule 302(c)(19) expressly refers to the magistrate judges Rule 55(b)(2) motions for the entry of default judgment. However, there is no similar provision in the Local Rules automatically referring to magistrates Rule 55(c) motions for setting aside default. Nevertheless, the district court has orally approved referral of the instant motion to the

---

[1] Plaintiff originally noticed the motion for hearing on December 28, 2006, and amended it several times; however, the motion was taken under submission without a hearing.

undersigned for recommendation.

BACKGROUND

On May 26, 2006, plaintiff filed the underlying complaint in this action against defendants "Gilbert B. Barlow and Thelma N. Barlow, each Individually and each as Trustees of The Barlow Family Revocable Trust, dated December 14, 1999," and Citibank, in regard to a business property operated by Citibank, located at 3501 Arden Way, Sacramento, California. See Complaint, at pp. 2-3.  Plaintiff alleges he attempted to patronize the bank on five dates between March 10 and May 25, 2006, but was restricted in being unable to exit his van safely due to the lack of a properly configured van accessible disabled parking space.  Id. at pp. 3-4.  He asserts the disabled parking space is in violation of the Americans With Disabilities Act and state law. Id.

The summons and complaint were served on Thelma Barlow on June 6, 2006. According to the motion to set aside entry of default, Mrs. Barlow forwarded the documents to her friend, Robert Dong, a commercial real estate agent, who assisted her with lease matters.  He forwarded them to PNC Realty Services, the current tenant, who has subleased the property to Citibank.  When defendants did not respond to the complaint, plaintiff obtained entry of default on August 9, 2006, against Gilbert Barlow, Thelma Barlow, and Citibank.  On September 25, 2006, the court approved plaintiff and Citibank's stipulated dismissal without prejudice.  Thelma Barlow claims she first became aware that her default had been taken in late November, 2006, when she received correspondence from plaintiff regarding the instant amended motion for default judgment.  She retained counsel soon after, and filed an opposition and motion to set aside entry of default within two weeks after her attorney became aware of the matter.

According to Mrs. Barlow, she previously owned this property with her now deceased husband.  In 1987, ownership was transferred to the Barlow Family Trust.  Mrs. Barlow is the trustee.  See Grant Deed, attached as exhibit to Motion for Default Judgment.

\\\\\

Plaintiff seeks an entry of default judgment in the amount of $16,000 pursuant to California Civil Code section 52(a).[2] On December 18, 2006, Mrs. Barlow filed the instant opposition and motion to set aside the default.

LEGAL STANDARDS

Federal Rule of Civil Procedure, 55(c) provides that a default may be set aside for "good cause." "Good cause" is demonstrated by: 1) a sufficient excuse for not meeting the filing deadline; 2) a meritorious defense; and 3) that setting aside default will not unfairly prejudice the other party. Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969); Mendoza v. Wight Vineyard Management, 783 F.2d 941, 945 (9th Cir. 1986). See Tri-Continental Leasing Corp. v. Zimmerman, 485 F. Supp. 495, 497 (N. D. Cal. 1980).

These factors are disjunctive, and the court may vacate entry of default if any of the three factors is true. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004), quoting American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000).

   1. Good Cause

The court has discretion to determine whether good cause has been shown. See Madsen, 419 F.2d at 6; Curry v. Jensen, 523 F.2d 387, 388 (9th Cir. 1975). The court's discretion is particularly generous where the motion seeks to set aside an entry of default, rather than a default judgment. Mendoza, 783 F.2d at 945. Any doubt should be resolved in favor of setting aside the default in order to decide cases on their merits. Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974).

\\\\\

---

[2] Cal.Civil Code § 52(a) provides: "Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

3

Leniency in setting aside a default is especially appropriate if the attorney failed the client. Girlsongs & Warner Bros., Inc. v. Starkey, 108 F.R.D. 275, 277 (N.D. Cal. 1984). In reversing the dismissal of an action for failure to timely file a brief, the Ninth Circuit stated:

> [The] default was the fault of the attorneys, and not the litigant. Yet the impact of the sanction imposed is primarily against the client. We have no intent to disavow the established principle that the faults and defaults of the attorney may be imputed to, and their consequences visited upon, his client. We do, however, believe that when any court is considering the imposition of sanctions for non-jurisdictional, procedural defaults and deficiencies in the management of litigation, the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault. Absent such consideration, there is an abuse of discretion.

In Re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

Although no mention is expressly made in Rule 55(c) of "mistake" or "inadvertence," the analogous Rule 60(b) allows the court to vacate an entry of default judgment upon a showing of "mistake, inadvertence, or surprise." The Ninth Circuit has clearly stated that the standard for setting aside an entry of default under Rule 55(c) is more liberal than that of vacating a default judgment under Rule 60(b). Mendoza, 783 F.2d at 945. In light of the less stringent standard for setting aside an entry of default, some courts have held that a finding of excusable neglect is not absolutely necessary. See Rasmussen v. W.E. Hutton & Co., 68 F.R.D. 231, 235 (N.D. Ga. 1975); Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296, 298 (S.D. Tex. 1967).

Moreover, willfulness of the default is a factor. See Madsen, 419 F.2d at 6 (quoting Moore's Federal Practice § 55.10[2]); United Coin Meter v. Seaboard Coastline RR., 705 F.2d 839, 845 (6th Cir. 1983) ("Where default results from an honest mistake 'rather than willful misconduct, carelessness or negligence' there is especial need to apply Rule 60(b) liberally.") (quoting Ellingsworth v. Chrysler, 665 F.2d 180, 185 (7th Cir. 1981)); Medunic v. Lederer, 533 F.2d 891, 893 (3rd Cir. 1976). See also Admiral Home Appliances v. Tenavision,

Inc., 585 F. Supp. 14, 16 (D. N.J. 1982) aff'd, 735 F.2d 1347 (1984) (Court denied motion to set aside entry of default judgment where counsel exhibited "an arrogance and disregard of the consequences, not mistake, inadvertence or excusable neglect.")

Finally, although there is no express requirement of timeliness in Rule 55(c), the fact that the defaulted party acted quickly to cure the default and seek relief is a strong reason for the court to exercise its discretion to set aside the default. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2694 (1990). Put simply, if any good reason exists to set aside the default, the court should find good cause for doing so.

2. Meritorious Defense

The Zimmerman court set forth the standard for showing a meritorious defense:

> Because the preferred disposition of any case is upon the merits, the showing of a meritorious defense does not involve a heavy burden of proof. Thus, a party seeking to set aside a default need not prove his defense by a preponderance of the evidence. Rather, that party only carries the burden of producing competent evidence that establishes a factual or legal basis for the tendered defense.

Zimmerman, 485 F. Supp. at 1497 (citations omitted).

In Keegal v. Key West & Caribbean Trading Company, Inc., 627 F.2d 372, 374 (D.C. Cir. 1980), the court stated that: "Likelihood of success is not the measure. Defendants' allegations are meritorious if they contain 'even a hint of a suggestion' which, proven at trial, would constitute a complete defense." (quoting Moldwood Corp. v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969)).

3. Prejudice

"Finally, in assessing prejudice to the plaintiff, the court notes that [m]ere delay in satisfying plaintiff's claim, if it should ultimately succeed at trial, is not sufficient prejudice to require denial of a motion to set aside default." Newhouse v. Probert, 608 F. Supp. 978 (W.D.Mich. 1985); citing Keegal, supra, 627 F.2d at 374. Prejudice should be demonstrated which is beyond that inherent to all plaintiffs in setting aside the entry of default, to

counterbalance the universal policy favoring trial on the merits.

APPLICATION

The court finds that Mrs. Barlow has shown good cause for setting aside the Clerk's entry of default.[3] Barlow's counsel has declared that her age of 92 years and unfamiliarity with commercial ground leases caused her to rely on her friend, Robert Dong. Due to a miscommunication between them, she assumed Dong would take care of the matter. Instead, it fell through the cracks after Dong forwarded the summons and complaint to PNC Realty Services. Mrs. Barlow mistakenly believed Mr. Dong would take care of the matter. Furthermore, as soon as Mrs. Barlow discovered that default had been entered, she immediately retained counsel in order to cure the default. The court does not find wilful Mrs. Barlow's actions and cannot find cause for imposing the dire sanction of default upon her. Further, her counsel timely requested default be set aside. Given defendant's age and her reliance on a business associate, the principle that leniency in setting aside a default is especially appropriate where the attorney has failed the client, Girlsongs & Warner Bros. may be analogously applied here.

Defendant's argument that she had no notice of a problem or opportunity to cure (or demand the tenant/subtenant cure) until she was served with the complaint, is not a meritorious defense as the ADA does not require a plaintiff to provide notice or opportunity to cure before filing an action. Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000); Doran v. Del Taco, Inc., 373 F. Supp. 2d 1028, 1031 (C.D. Cal. 2005). Although Mrs. Barlow may have a cross-claim against tenants and sub-tenants where the lease requires they are responsible to comply with all state, federal, and local laws concerning the use of the property,

---

[3] Mrs. Barlow also argues service should be quashed as defective because the complaint fails to properly identify and name the trust, and the summons fails to identify the trust and state whether Mrs. Barlow is named individually or in her capacity as trustee. The complaint, however, names "Gilbert B. Barlow and Thelma N. Barlow, each Individually and each as Trustees of The Barlow Family Revocable Trust, dated December 14, 1999; ...." This claim is therefore without merit.

and completely indemnify the owner/landlord, it is not clear that a cross-claim qualifies as a "meritorious defense." (Barlow Decl., ¶ 4; Dong Decl. ¶ 5.) Nevertheless, because the good cause factors are in the disjunctive, a meritorious defense is not required.

Finally, the court finds no evidence that the short time which has elapsed would prejudice plaintiff such that setting aside the default is precluded. In fact, Mrs. Barlow represents that, if permitted to answer, she will bring in the responsible parties through a cross-complaint, thereby assisting plaintiff. Exh. B. to Oppo.

Because the court recommends that Barlow's motion to set aside entry of default be granted, it will not address plaintiff's motion for default judgment.

CONCLUSION

For the reasons stated in this opinion, IT IS RECOMMENDED that defendant Barlow's motion to set aside the default be granted, and that she be permitted to file an answer and cross-complaint within thirty days of an order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Accordingly, IT IS ORDERED THAT plaintiff's motion for default judgment is vacated from the calendar.

DATED: 1/24/07                                          /s/ Gregory G. Hollows

                                                        UNITED STATES MAGISTRATE JUDGE

GGH:076/John1150.def.wpd