UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT N. JOHNSON,<br><br>        Plaintiff,<br><br>    v.<br><br>THELMA N. BARLOW, individually and as trustee of the Marital Trust (Trust A) of the Gilbert B. and Thelma N. Barlow Family Revocable Trust, dated September 15, 1987; THELMA N. BARLOW, individually and as trustee of the Exemption Trust (Trust B) of the Gilbert B. and Thelma N. Barlow Family Revocable Trust, dated September 15, 1987; CITIBANK (WEST) FSB, individually and d/b/a Citibank; CITIBANK; CITIGROUP; CITIGROUP FINANCIAL, INC., individually and d/b/a Citibank; PNC FINANCIAL SERVICES GROUP, INC., individually and d/b/a PNC Realty Services,<br><br>        Defendants. | NO. CIV. S-06-01150 WBS GGH<br><br><u>ORDER RE: MOTION TO DISMISS AND MOTION TO STRIKE</u> |

----oo0oo----

///

///

1

        Plaintiff Scott Johnson brought this action alleging failure by defendants to remove access barriers to their bank, and seeking relief under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California's Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, 52. Defendants now move to dismiss plaintiff's state law claim pursuant to Federal Rule of Civil Procedure 12(b)(1).  Defendants additionally ask this court to strike portions of plaintiff's FAC, wherein he requests attorneys' fees.

I.   <u>Factual and Procedural Background</u>

        Plaintiff is a person with physical impairments of quadriplegia and is thus a "person with a disability" and a "physically handicapped person" according to the ADA.  (First Amended Complaint ("FAC") ¶ 1; 42 U.S.C. § 12102(2)(A); 28 C.F.R. § 36.104.)  As a result of his disability, plaintiff has substantial limitations on major life activities, such as standing, walking, breathing, etc.  (FAC ¶ 1.)  To function with these difficulties, plaintiff requires the use of a service animal, electric wheelchair, and a full size van with hand-controls and wheelchair lift.  (<u>Id.</u>)

        Defendants are Thelma N. Barlow, individually and as trustee of the Marital Trust (Trust A) of the Gilbert B. and Thelma N. Barlow Family Revocable Trust, dated September 15, 1987; Thelma N. Barlow, individually and as trustee of the Exemption Trust (Trust B) of the Gilbert B. and Thelma N. Barlow Family Revocable Trust, dated September 15, 1987; Citibank (West) FSB, individually and d/b/a Citibank; Citibank; Citigroup; Citigroup Financial, Inc., individually and d/b/a Citibank; PNC

Financial Services Group, Inc., individually and d/b/a PNC Realty Services. (FAC ¶ 2.) Plaintiff alleges that defendants partly "own, operate, manage, lease (or lease to)" a branch of Citibank (the "bank") with a parking lot located in a retail center in Sacramento, California. (Id.)

On March 10, 2006, plaintiff visited the bank, and due to the lack of a van-accessible parking space, was forced to leave his two van side doors open. (FAC ¶ 3.) Plaintiff discussed this deficiency with the manager of the bank. (Id.) Plaintiff returned to the bank on multiple subsequent occasions, and encountered the same (or similar) access barriers on each occasion. (Id.) Plaintiff estimates that he "has over 30 actual and forgone visits to the BANK." (Id.)

Based on this alleged denial of full and equal access to a public accommodation, on May 26, 2006, plaintiff filed a complaint seeking damages and declaratory and injunctive relief under the ADA, 42 U.S.C. §§ 12101 et seq., and the Unruh Act, California Civil Code §§ 51, 52.[1] (FAC.)

II. Discussion

    A.   Motion to Dismiss

Under 28 U.S.C. § 1367, where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form

---

[1] Defendants subsequently made property alterations aimed at alleviating the barriers to access. Plaintiff then filed a First Amended Complaint based on remaining barriers to "disabled parking because the slope of the actual disabled parking stall and adjacent access aisles are greatly in excess for [sic] the required 2% maximum slope." (FAC 2.)

3

part of the same case or controversy." A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact" such that plaintiff "would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 855-56 (9th Cir. 2004) (quoting United Mine Workers of Am. v Gibbs, 383 U.S. 715, 725 (1966)).

The exercise of supplemental jurisdiction is usually mandatory, unless the exercise of jurisdiction is prohibited by 28 U.S.C. § 1367(b) or falls under one of the exceptions set forth in 28 U.S.C. § 1367(c). Executive Software N. Am., Inc. v U.S. Dist. Court for the N. Dist. of Cal., 24 F.3d 1545, 1555-56 (9th Cir. 1994). Under section 1367(c), a court may decline to exercise supplemental jurisdiction over a related state claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Id. (citing 28 U.S.C. § 1367).[2] Defendants argue that exceptions (1), (2), and (4) apply here and accordingly the court should decline to exercise jurisdiction over plaintiff's state law claim.

1.   Novel or Complex Issues of Law

Defendants argue that plaintiff's state law claim

---

[2] Section 1367(b) prohibits the assertion of supplemental jurisdiction when the policies behind the limitations on diversity jurisdiction would be defeated. Executive Software, 24 F.3d at 1555 n.8. None of these concerns are implicated here.

4

raises novel and complex issues of state law, citing a purported conflict among the courts about the proper application of the "intent" requirement established by the California Supreme Court in Harris v. Capital Growth Investors XIV, 52 Cal. 3d 1142, 1175 (1991). In Harris, the California Supreme Court interpreted the Unruh Act as requiring a finding of intentional discrimination in order to recover. Id. The next year, the Unruh Act was amended to provide that "[a] violation of the right of any individual under the Americans with Disabilities Act of 1990 . . . shall also constitute a violation of this section." Cal. Civ. Code § 51(f). It is undisputed that a plaintiff under the ADA does not need to prove intentional discrimination, see Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) (citing 42 U.S.C. § 12182(b)(2)(A)(ii); 42 U.S.C. § 12101(a)(5)), which would therefore seem to allow a plaintiff to bypass the intent requirement in Harris by basing an Unruh Act claim on a violation of the ADA.

In 2004, the Ninth Circuit addressed this apparent conflict and held that "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." Lentini, 370 F.3d at 847. However, in 2006 a California Court of Appeal held, in direct conflict with Lentini, that intent is required under the Unruh Act. Gunther v. Lin, 144 Cal. App. 4th 223, 252 (2006) (stating that the Lentini court incorrectly interpreted California law).

This conflict does not represent the sort of "novel and complex issue of unresolved state law" contemplated by 28 U.S.C. § 1367(c)(1). Section 1367(c)(1) exists so that district courts

5

need not "resolve difficult questions of [state] law." <u>Medrano v. City of Los Angeles</u>, 973 F.2d 1499, 1506 (9th Cir. 1992) (citing <u>Moor v. Alameda County</u>, 411 U.S. 693, 715-16 (1973)). When state law is substantially unsettled, a district court may be left without sufficient guidance as to how to resolve a dispute, which weighs against exercising supplemental jurisdiction. <u>Moor</u>, 411 U.S. at 716. In this case, however, the conflict internal to the Unruh Act is <u>not</u> novel--it has been litigated and decided by the Ninth Circuit in <u>Lentini</u>, and this court is legally bound to follow Ninth Circuit authority. <u>Hart v. Massanari</u>, 266 F.3d 1155, 1175 (9th Cir. 2001) ("A district court bound by circuit authority . . . has no choice but to follow it, even if convinced that such authority was wrongly decided.").

"Where the state's highest court has not decided an issue, the task of the federal courts is to predict how the state high court would resolve it." <u>Dimidowich v. Bell & Howell</u>, 803 F.2d 1473, 1482 (9th Cir. 1986). In this instance, the Ninth Circuit has made its prediction and, barring a clear holding to the contrary by California's highest court, it is not this court's prerogative to second guess that conclusion.[3] A decision

---

[3] The California Supreme Court denied review in <u>Gunther</u>. While this is "not [] without significance," review may be denied for any number of reasons and does not necessarily indicate the California Supreme Court's agreement with the holding of the California Court of Appeals. <u>DiGenova v. State Bd. of Educ.</u>, 57 Cal. 2d 167, 178 (1962).

At oral argument, the court pressed defendant on the precedential effect of <u>Gunther</u>, in light of the Ninth Circuit's opinion in <u>Lentini</u>, and allowed defendant's counsel to submit a letter brief to explain why this court might be required to follow the California Court of Appeals in <u>Gunther</u>. Defendant

6

1 of a District Court of Appeal in California is <u>not</u> a decision of
2 the state's highest court.  <u>See</u> <u>also</u> <u>Wilson v. Haria and Gogri</u>
3 <u>Corp.</u>, ___ F. Supp. ___, 2007 WL 851744 at *7 (E.D. Cal. Mar. 22,
4 2007) (conducting a comprehensive review of the issue, post
5 <u>Gunther</u> and <u>Lentini</u>, and concluding that the decision in <u>Gunther</u>
6 is "not likely the law of the state of California").
7 Accordingly, this case does not present a "novel or complex issue
8 of law" such that an exercise of supplemental jurisdiction is
9 improper.

          2.   <u>State Claim Predominating Over Federal Claim</u>

11           A federal court may also decline to exercise
12 supplemental jurisdiction if the state law claim predominates
13 over the federal claim.  28 U.S.C. § 1367(c)(3); <u>Gibbs</u>, 383 U.S.
14 at 727 ("Once it appears that a state claim constitutes the real
15 body of a case, to which the federal claim is only an appendage,
16 the state claim may fairly be dismissed.").  However, other than
17 mere assertion, defendants provide no support for their argument
18 that damages are "clearly central to Plaintiff's litigation
19 strategy."  (Mot. to Dismiss 1, 9.)  In this case, plaintiff
20 brought two claims, one under federal ADA law seeking injunctive
21 relief and the other under the Unruh Act seeking damages.  (FAC.)

---

submitted several cases to this court which merely indicate that <u>other</u> <u>state</u> <u>Courts</u> <u>of</u> <u>Appeal</u> will follow opinions of their peers, in the absence of any indication to the contrary by the Supreme Court or legislature.  However, the fact remains that the only state precedent <u>binding</u> on this court are decisions made by California's Supreme Court.  <u>Dimidowich</u>, 803 F.2d at 1482. Regardless of whether California Courts of Appeal consider each other's decisions to be the those of "a court of last resort in the state," this court is not bound by their decisions.  By contrast, this court is undeniably bound to follow decisions by the Ninth Circuit.

7

Plaintiff has not abandoned either claim, and continues to pursue both aggressively.

Courts in this circuit have declined to exercise supplemental jurisdiction over state law claims that predominate over federal claims in instances when a plaintiff abandons his federal ADA claims, Johnson v. Calagna, 2006 WL 3313816, slip. op. (E.D. Cal. Nov. 15, 2006), or a plaintiff's request for injunctive relief subsequently becomes moot, Wander v. Kaus, 304 F.3d 856, 860 (9th Cir. 2002), Pickern v. Best Western Timber Cove Lodge Marina Resort, 194 F. Supp. 2d 1128 (E.D. Cal. 2002), or a plaintiff's numerous state law claims outnumber a solitary federal claim under the ADA, Molski v. Mandarin Touch Restaurant, 359 F. Supp. 2d 924, 937 (C.D. Cal. 2005), or when plaintiff's federal claims are dismissed before trial, Acri v. Varian Assocs, Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)).

None of those concerns are implicated in this case-- plaintiff has one state claim and one federal claim, both still viable, and neither predominates over the other.  As a practical matter, plaintiff's state law claims for damages are undoubtedly a driving force behind this action.  But to rule as defendants propose would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act.  Accordingly, the court cannot conclude that plaintiff's state law claim predominates over his federal claim in the sense of § 1367(c)(3).

3.   Other Compelling Reasons

Finally, a district court may decline to exercise

8

supplemental jurisdiction over a state law claim if there are "other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4). Courts have held that a district court exercising jurisdiction over pendent claims must consider the principles of "economy, convenience, fairness, and comity." Imagineering, Inc. v. Kiewit Pac. Co., 976 F.2d 1303, 1309 (9th Cir. 1992) (citing Carnegie-Mellon, 484 U.S. at 350 n.7.) Defendants argue that this court must decline jurisdiction based on 1) the principles of comity, and 2) discouraging plaintiff from forum shopping. (Mot. to Dismiss 10-14.)

The principles of comity suggest that, "[w]hen novel issues of state law are presented . . . considerations of judicial economy are not determinative." Executive Software, 24 F.3d at 1553. Thus, when unsettled, novel, or complex issues of state law are before the district court, Gibbs counsels that "[n]eedless decisions of state law should be avoided both as a matter of comity" and to provide the parties with "a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726; see also Executive Software, 24 F.3d at 1553 (citing Fin. Gen. Bankshares, Inc. v. Metzger, 680 F.2d 768, 776 ("[A] federal court should be reluctant to retain pendent jurisdiction over a question for which state jurisprudence gives inadequate guidance.")). However, as discussed above, the precedent established in Lentini gives this court clear guidance of the appropriate interpretation of California law. Thus, the principles of comity do not counsel against supplemental jurisdiction.

Defendants suggest that plaintiff's sole reason for bringing this action in district court is to "forum shop for a

9

federal forum." (Mot. to Dismiss 13.)  Defendants sole explanation for this assertion is that, because California's Unruh Act allows plaintiff to recover both injunctive and monetary relief, the need for the inclusion of the ADA claim is obviated. (Id.)  Such reasoning, however, runs counter to the fundamental objective of the ADA, which is to create a federal forum for disabled individuals to protect their rights.  42 U.S.C. § 12101(b) ("It is the purpose of this chapter . . . to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities . . . and to ensure that the Federal Government plays a central role in enforcing the standards . . .").  Plaintiff's decision to pursue his ADA claim in federal court is a right afforded to him under that statute.  Indeed, the ADA is a statutory scheme that relies almost exclusively on such private actions for its enforcement.  See, e.g., Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 12188).

The law does not prohibit a plaintiff from shopping for a federal forum.  Moreover, other than plaintiff's litigious history, defendants provide no evidence of plaintiff's apparent forum-shopping motivation.[4]  Supplemental jurisdiction over his state law claim is therefore not improper.

---

[4] Plaintiff objects to the "facts" proffered in the article submitted by defendants.  On a motion to dismiss, the court may consider materials of which it may take judicial notice, including newspaper articles.  U.S. v. Rutgard, 116 F.3d 1270, 1278 (9th Cir. 1997).  However, the court need not rely on the Sacramento Bee article as evidence of plaintiff's litigiousness, as the court may also take judicial notice of matters of public record, such as lawsuits filed by a particular individual.  See, generally, Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

10

In this case, the competing principles of judicial economy and convenience weigh strongly in favor of asserting supplemental jurisdiction. Plaintiff's state and federal law claim involve the identical nucleus of operative fact, and require a very similar, if not identical, showing in order to succeed. If this court forced plaintiff to pursue his state law claim in state court, the result would be two highly duplicative trials, constituting an unnecessary expenditure of plaintiff's, defendants', and the courts' resources. Accordingly, the court will exercise supplemental jurisdiction over plaintiff's state law claim.

B. <u>Motion to Strike</u>

"Upon a motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A "motion to strike is appropriate to address requested relief . . . which is not recoverable as a matter of law." <u>Wilkerson v. Butler</u>, 229 F.R.D. 166, 172 (E.D. Cal. 2005). However, when ruling on a motion to strike, the court views the challenged pleadings in the light most favorable to the pleader. <u>See</u> <u>Pillsbury, Madison & Sutro v. Lerner</u>, 31 F.3d 924, 928 (9th Cir. 1994). Motions to strike are not favored and "should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." <u>Gay-Straight Alliance Network v. Visalia Unified School Dist.</u>, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).

Defendants object to all portions of plaintiff's FAC

11

that seek to recover attorneys' fees.  Specifically, defendants argue that because plaintiff is an attorney representing himself in this matter pro se, neither federal nor state law allow him to recover attorneys' fees.  See, e.g., Kay v. Ehrler, 499 U.S. 432, 438 (1991) (refusing to allow for the recovery of fees by an attorney representing himself pro se).  Here, although plaintiff represents himself in many of his cases, it so happens that he is in fact represented by another attorney in this action.[5] Plaintiff does not dispute that he cannot recover attorneys' fees for work done by himself, but explains that the language in the complaint merely asks for fees "if incurred."  Thus, plaintiff seems to acknowledge that it is only the fees of additional outside counsel that he seeks to recover.

Recent case law suggests that plaintiff's conditional request for attorneys' fees is proper (for the services of additional counsel should he ultimately prevail on the merits). See Blazy v. Tenet, 194 F.3d 90, 94 (D.C. Cir. 1999) (refusing to extend Kay v. Ehrler to exclude the collection of fees paid to lawyers who were consulted by a pro se plaintiff in the formulation of his or her case); cf. U.S. ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 578 (9th Cir. 1996) (noting that only a plaintiff has the power to demand attorney's fees of defendant, even though, once awarded, they are assets of the attorney).  Accordingly, plaintiff's request for

---

[5] On May 3, 2007, notice was given to the court by plaintiff that Thomas N. Stewart, III, has associated with plaintiff as an attorney of record.  (May 3, 2007 Notice (Docket No. 41).)

12

fees need not be stricken from the complaint.[6]

   IT IS THEREFORE ORDERED that the defendants' motions to dismiss and to strike portions of plaintiff's complaint be, and the same hereby are, DENIED.

DATED:  June 9, 2007

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[6] Plaintiff is put on notice that any fees incurred as a result of work done representing himself <u>cannot</u> be recovered.